You have requested this office to render a legal opinion regarding the following:
 May you hold the position of Chief Indigent Defender for the 40th Judicial District and also serve as elected member of the St. John the Baptist Parish Council?
LSA-R.S. 15:145 defines the powers and duties of the membership comprising a judicial district indigent defender board and pertinently provides:
 B. Each district board shall select one of the following procedures or any combination thereof for providing counsel for indigent defendants:
 (1)(a) Appointment by the court from a list provided by the district board of volunteer attorneys licensed to practice law in this state. In the event of an inadequate number of volunteer attorneys, appointment shall be from a list provided by the district board of nonvolunteer attorneys as provided in Subsection A of this Section. The court may delegate appointing power to the district board.
 (b) All appointments shall be on a successive basis. Deviations from the panel list shall be permitted only to comply with Article 512 of the Code of Criminal Procedure and in exceptional circumstances upon approval of the district board.
 (2)(a) The district board may employ a chief indigent defender and such assistants and supporting personnel as it deems necessary. The chief indigent defender shall be appointed for a period of three years and may not be a member of the board. The salaries of the chief indigent defender and all assistants and supporting personnel shall be fixed by the district board. All employees of the board shall possess such powers and duties as prescribed by the district board and consistent with the Code of Professional Responsibility.
 (b) The chief indigent defender may in the event of conflicts of interest, inadequate personnel or for any other reason approved by the board *Page 2 
request that the court appoint counsel to represent indigent defendants pursuant to Section 145(B)(1).
 (3) The district board may enter into a contract or contracts, on such terms and conditions as it deems advisable, with one or more attorneys licensed to practice law in this state to provide counsel for indigent defendants.
LSA-R.S. 15:145(B)(2)(a) specifically establishes the positions of assistant indigent defenders, and delegates the power of appointment of the chief indigent defender and assistants to the board. We are of the opinion that the position of chief indigent defender constitutes an "appointive office" as defined in R.S.42:62(2), stating:
 "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Of import are the provisions of the Dual Officeholding and Dual Employment laws, R.S. 42:61, et seq., particularly R.S.42:63(D), providing in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
While R.S. 42:63(D) prohibits one from holding elective office and full-time appointive office in a political subdivision of the state, the statute does not prohibit one from holding elective office and part-time appointive office in a political subdivision of the state. Thus, R.S. 42:63(D) does not prohibit a parish councilman from the appointive office of chief indigent defender where the position is held on a part-time basis. R.S. 42:62(4) 
(5) defines full-time and part-time as follows:
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work. *Page 3 
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
Of further concern is the possible applicability of the incompatibility provisions of R.S. 42:64, providing in pertinent part:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 * * *
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
LSA-R.S. 15:146 sets up a mechanism for local funding of individual districts' indigent defender systems. This provision creates a system whereby almost all of the funds for indigent defense come from criminal violation assessments. The statute directs almost all of Louisiana's courts of original criminal jurisdiction to remit to a judicial district indigent defender fund a set amount for each violation. There is no specific provision in the law requiring the parish to fund the indigent defender board.
Pursuant to R.S. 15:146 those funds are to be used and administered by the district indigent defender board. Incompatibility occurs only when an individual in one office or employment personally remits funds to himself by virtue of his holding another office or position. Since all local funds are remitted directly to the indigent defender board and not the appointee of the board, the concerns raised by R.S. 42:64 are removed.
Any ethical considerations should be forwarded to Louisiana Board of Ethics at 8401 United Plaza Blvd., Suite 200, Baton Rouge, Louisiana, 70809.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL